# JANUARY TERM, 1896.

JANAUSCHEK v. EDDY.[1]

HUSBAND AND WIFE—POSSESSION—PARTIES.
    The possession by the wife of personal property belonging
    to the husband, during his temporary absence, is the pos-
    session of the husband, and the wife cannot sue in her own
    name for a conversion of such property.

Error to Gogebic; Haire, J. Submitted October 23,
1895. Decided January 16, 1896.

Trover by John Janauschek and Lidia Jaschusch against
Thomas T. Eddy. From a judgment for defendant, plain-
tiffs bring error. Affirmed.

*Julius J. Patek*, for appellants.

*Buck & Waples*, for appellee.

MONTGOMERY, J. This is an action of trover for the
conversion of 80 bushels of potatoes. The case made by
the plaintiffs was that in the year 1894 Joseph Jaschusch
was the owner of a farm. The plaintiff John Janauschek
worked a portion of the farm on shares, and harvested
about 80 bushels of potatoes, which were placed in the
cellar of the house occupied in common by the two fam-
ilies. Some time before the 14th of December, Joseph
Jaschusch went to Montana, leaving his wife and two
children, and the plaintiff Janauschek and his family,
occupying the house. He authorized his wife to use from
the potatoes such as she should need. It was agreed

---

[1] Rehearing denied March 3, 1896.

between Joseph Jaschusch and the plaintiff Janauschek that what potatoes they did not use for the family or for seed might be sold in the spring. On the 14th of December, the defendant, who was sheriff of the county, through his deputy, William J. Niness, attached the property, and, it appears, afterwards sold it. No attempt was made to show a valid attachment or justification, but the case turned upon the right of the plaintiff Jaschusch to join in the action. The circuit judge charged the jury that if her only interest in the potatoes was the right to go and use them, or to eat what she could, the verdict should be for the defendant. The jury found for the defendant, and the plaintiffs appeal.

The jury found, in answer to a special question, that the only interest that Mrs. Jaschusch had in the potatoes was for herself and family to eat of them. The plaintiffs do not rest their case upon any claim that the property was exempt, nor is the record sufficiently full as to the circumstances of the levy to enable us to determine this question; but plaintiffs' counsel states, on the contrary, that no such question is involved. But it is contended by plaintiffs' counsel that there was a joint possession, and that, as against a mere wrong-doer, possession alone is sufficient to maintain the action. But we think the relation of the wife to the property of her husband during his temporary absence from home is not such as to vest the right in her to sue in her own name for the recovery of his property wrongfully converted. Her possession is, in fact, his possession. He is the head of the family, and could undoubtedly join in or bring an action based upon the wife's possession in his right.

The judgment will be affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. MC-GRATH, C. J., did not sit.